SUSAN M. CHEHARDY, Chief Judge.
|2On appeal, defendant challenges the trial court’s denial of his motion for new trial. For the following reasons, we affirm defendant’s conviction and sentence.

Procedural History

On June 11, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jamone A. Wilson, with failing to maintain his registration as a convicted sex offender, in violation of La. R.S. 15:542. On September 10, 2013, the matter was tried before a twelve-person jury, which found defendant guilty as charged.
On September 19, 2013, defendant filed post-trial motions, including a Motion for New Trial, which were all denied by the trial court that day. Immediately after defendant waived statutory sentencing delays, the trial court sentenced defendant to serve two years in the custody of the Department of Corrections, without benefit of probation, parole, or suspension of sentence. Thereafter, defendant filed a Motion for Appeal, which was granted by the trial court.
1 JFacts
The record is undisputed that defendant pled guilty to the crime of felony carnal knowledge of a juvenile on September 11, 2002. Pursuant to La. R.S. 15:541 et seq., defendant, once convicted, was required to register as a sex offender.
Lieutenant Luis Munguia, Commander of the Bureau of Identification Division at the Jefferson Parish Sheriffs Office, is in charge of maintaining accurate sex offender registration records. Lieutenant Munguia maintained a record on defendant, who pled guilty on September 11, 2002, to felony carnal knowledge of a juvenile, which required him to register as a sex offender. Lieutenant Munguia explained that, as part of defendant’s legal *277 obligation to register as a sex offender, he was required to register annually in person with his office.
On December 5, 2011, defendant executed a Jefferson Parish Sheriffs Office Sex Offender Registration contract, acknowledging that he was obligated to return to re-register on December 5, 2012. Defendant did not appear, however, to update his registration on that date.
Initially, Lieutenant Munguia attempted to contact defendant to no avail. Lieutenant Munguia also checked the State registry to ascertain whether defendant had registered in another parish, which he had not. Finally, Lieutenant Munguia reported the failure to register to the Jefferson Parish Sheriffs Office, which obtained a warrant for his arrest. On May 31, 2013, over five months past his annual registration deadline, defendant came to the Bureau of Identification to update his registration. That day, after he updated his registration, he was arrested pursuant to the outstanding warrant.
14At trial, Sergeant Joel O’Lear, of the Jefferson Parish Sheriffs Office Crime Laboratory Division, was accepted as an expert in the field of latent fingerprint identification. Sergeant O’Lear explained that he compared four sets of fingerprints in this case. First, he obtained fingerprints from defendant in court on the day before trial. Next, he obtained the card containing defendant’s fingerprints attached to the arrest register included in the certified conviction packet for defendant’s conviction for carnal knowledge of a juvenile. Sergeant O’Lear concluded that the fingerprints attached to the conviction packet for defendant’s felony carnal knowledge of a juvenile conviction matched defendant’s fingerprints taken the day before trial.
Third, Sergeant O’Lear identified defendant’s thumbprint on the Jefferson Parish Sheriffs Office Sex Offender Registration contract dated December 5, 2011, which was signed by defendant. Finally, Sergeant O’Lear testified that defendant’s fingerprints taken the day before trial matched those on the arrest register for the instant offense of failure to register as a sex offender.
After hearing the testimony and evidence, the twelve-person jury found, by a vote of 10-2, that defendant was guilty of failing to maintain his registration as a sex offender. The instant appeal follows.

Law and Argument

On appeal, defendant raises one counseled and two pro se assignments of error. In his counseled and first pro se assignment of error, defendant argues that the trial judge erred in denying his Motion for New Trial in the interest of justice because the behavior for which he was convicted— carnal knowledge of a juvenile — would no longer be a felony requiring registration.
Defendant further maintains that the sex offender registration requirements set forth under La. R.S. 15:542 were amended to allow for an offender convicted of Rfelony carnal knowledge of a juvenile under the former law to petition the court to be relieved of the reporting requirements. Although defendant admits he did not avail himself of the “reporting requirements dispensation,” he maintains that a new trial was warranted to serve the ends of justice.
Additionally, in his pro se brief, defendant argues that the age difference between himself and the victim of his underlying carnal knowledge of a juvenile conviction exempts him from registration because the charge should have been “misdemeanor carnal knowledge.”
In response, the State argues the trial court did not abuse its discretion in refusing to supplant the authority of the Louisiana Legislature and the purview of the *278 finder of fact at trial. The State maintains that defendant had an obligation to register as a sex offender but failed to do so on December 5, 2012. The State further asserts that defendant failed to petition the court to be relieved of the registration obligation as allowed in La. R.S. 15:542, so his failure was not excusable.
Prior to sentencing, on September 19, 2013, defendant filed a Motion for New Trial, alleging that the interest of justice demanded a new trial. As argued on appeal, defendant asserted that, in 2008, when La. R.S. 14:80 was amended, his behavior was “decriminalized,” so he should not be required to register as a sex offender. After hearing defendant’s arguments in support of his motion for new trial, the trial court denied defendant’s motion, stating, in pertinent part:
And in any event, ... the Court did make the ruling at the time of trial that the underlying facts — the facts of the underlying charge were irrelevant as he had already had an opportunity to defend himself against those fact [sic]. The only relevant issue was whether or not he abided by the registration requirements. The Court felt that any information regarding the underlying facts, or the facts of the underlying charge, would serve no other purpose than to confuse the jury. And as such, again the Court’s motion — or the defense motion for new trial is denied:
| s(Emphasis added).
The grant of a new trial pursuant to La.C.Cr.P. art. 851(5) does not involve questions of fact, but a determination by the trial court that the ends of justice would be served by a new trial even though the defendant may not be entitled to one as a matter of strict legal right. State v. Guillory, 10-1231 (La.10/8/10), 45 So.3d 612, 615. The trial court’s ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Bazley, 09-358 (La.App. 5 Cir. 1/11/11), 60 So.3d 7, 19, writ denied, 11-0282 (La.6/17/11), 63 So.3d 1039. “The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.” La.C.Cr.P. art. 851.
The inquiry is not whether defendant’s actions were later “decriminalized,” but rather whether his legal obligation to register as a sex offender was terminated. Initially, we note that, on September 11, 2002, defendant pled guilty to felony carnal knowledge of a juvenile, which he was advised would require him to register as a sex offender. Further, we agree that there was a change in the law. At the operative time for defendant’s underlying conviction, La. R.S. 14:80(A)(1) prohibited:
A person over the age of seventeen [from having] sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender; ...
(Emphasis added).
However, the Louisiana Legislature, by Acts 2008, No. 331, § 1, amended La. R.S. 14:80(A)(1) to prohibit:
|VA person who is seventeen years of age or older [from having] sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater; ...
(Emphasis added).
We disagree, however, that the amendment to La. R.S. 14:80 vacated an *279 offender’s legal obligation to register as a sex offender under La. R.S. 15:542. In the same legislative session that produced the amendment to La. R.S. 14:80,[1] the Legislature, by Acts 2008, No. 814, § 1, also amended La. R.S. 15:542(F) as follows:
(1) Except as provided in Paragraphs (2) and (3) of this Subsection, the sex offender registration and notification requirements required by this Chapter are mandatory and shall not be waived or suspended by any court. Any order waiving or suspending sex offender registration and notification requirements shall be null, void, and of no effect. Any order waiving or suspending registration and notification requirements shall not be construed to invalidate an otherwise valid conviction.
(2) Upon joint written motion by the district attorney and the petitioner, the court of conviction may waive sex offender registration and notification requirements imposed by the provisions of this Chapter for a person convicted of felony carnal knowledge of a juvenile (R.S. 14:80) on, before, or after January 1, 2008, when the victim is at least thirteen years of age and the offender was not more than four years older than the victim at the time of the commission of the offense. Relief shall not be granted unless the motion is accompanied by supporting documentary proof of the aye of the victim and the age of the perpetrator at the time of commission of the offense. If the court of conviction was not a Louisiana district court, this joint motion may be brought in the district court of the parish of the offender’s residence after the bureau has made the determination, pursuant to the provisions of R.S. 15:542.1.3, on the grounds that the elements of the offense of conviction are equivalent to the elements of R.S. 14:80. The court may grant the motion upon clear and convincing evidence that the ages of the victim and offender at the time of commission of the offense were within the limitations provided in this Section.
(Emphasis added).
IsClearly, the Legislature did not intend to repeal the registration requirements, but rather instituted a procedure for an offender to seek relief from the mandatory registration requirements. Here, defendant concedes that he did not follow the legal procedure to relieve himself of his registration obligation. Thus, defendant, who admittedly failed to comply with the law of registration, was in violation of La. R.S. 15:542. Based on the foregoing, we find that the trial court did not abuse its discretion in denying defendant’s motion for new trial. These assignments lack merit.
In his second pro se assignment of error, defendant argues that the Legislature’s extension of the time period for which an offender must register from ten years to fifteen years is a violation of the ex post facto clause of the United States Constitution.
In his pro se brief, defendant argues that he was unaware that the Legislature had extended the period of registration for convicted sex offenders from ten years to fifteen years. He asserts that he was never re-sentenced after the ten-year registration period expired so, he should not be required to register for an additional five years.
First, this issue has been abandoned because defendant did not brief his *280 assignment with argument or citation of authority to support his assertion. Restating an assigned error in brief without argument or citation of authority does not constitute briefing. State v. Lauff, 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819; State v. Fernandez, 03-987, p. 9 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770. Under U.R.C.A. 2-12.4(B)(4), this Court may consider as abandoned any assignment of error that has not been briefed. State v. Tranchant, 10-459 (La.App. 5 Cir. 11/23/10), 54 So.3d 730, writ denied, 10-2821 (La.4/29/11), 62 So.3 108. Because defendant has failed to brief this assigned error, we consider it abandoned.
Furthermore, even if it had not been abandoned, it had not been properly preserved for review since defendant failed to raise this ex post facto argument in the trial court. Both this Court and the Louisiana Supreme Court have recognized that a new basis for an objection may not be raised for the first time on appeal. State v. Cooks, 97-0999 (La.9/9/98), 720 So.2d 637, 644, cert. denied, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999); State v. Burdgess, 434 So.2d 1062, 1067 (La.1983); State v. Winfrey, 97-427 (La.App. 5 Cir.10/28/97), 703 So.2d 63, 77, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. This issue, which was raised for the first time on appeal, had not been preserved for appellate review. Consequently, this assignment will not be considered.

Error Patent Discussion

Pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent. We note that, although the commitment reflects that defendant was properly advised of the time period for seeking post conviction relief as required by La.C.Cr.P. art. 930.8, the sentencing transcript indicates that the trial court failed to give such an advisal. When there is a discrepancy between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
If a trial court fails to advise, or provides an incomplete advisal, pursuant to La.C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post conviction relief by means of its opinion. State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030; State v. Taylor, 12-25 (La.App. 5 Cir. 6/28/12), 97 So.3d 522, 538; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468; State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.
Accordingly, we advise defendant, by way of this opinion, that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922. In all other respects, defendant’s conviction and sentence are affirmed.

AFFIRMED.

. The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. State v. Borden, 07-396 (La.App. 5 Cir. 5/27/08), 986 So.2d 158, writ denied, 08-1528 (La.3/4/09), 3 So.3d 470.