ROBERT A. CHAISSON, Judge.
| ^Defendant, Robert P. Bienvenu, appeals his conviction and sentence for sexual battery of a child under the age of thirteen. For the reasons that follow, we affirm defendant’s conviction; however, due to an error patent noted herein, we vacate his sentence and remand the matter for resentencing.

PROCEDURAL HISTORY

On October 21, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant with sexual battery of a child under the age of thirteen, in violation of LSA-R.S. 14:43.1. On December 1, 2011, defendant, through counsel, entered a plea of not guilty.
The matter proceeded to trial before a twelve-person jury on April 8, 2014. After considering the evidence presented, the jury, on April 11, 2014, found defendant guilty as charged to the offense of sexual battery. On April 15, 2014, the trial court denied defendant’s motion for new trial and thereafter sentenced | ¡¡defendant to fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.. Defendant now appeals.

*65
FACTS

This case involves allegations that defendant sexually abused five-year-old E.C. while she was attending Cha Cha’s Daycare Center.[1] Linda Barber was the owner/operator of the daycare center; her brother, defendant, lived in a house behind the daycare and was apparently known to the children as Uncle Rob.
At trial, R.C., the victim’s father and primary caregiver, testified that in early April of 2009, he learned of the sexual abuse one night while he and E.C. were watching television. The two had a conversation about “good touch, bad touch,” and E.C. responded, “[y]ou mean, like Uncle Rob touches me.” E.C. explained that Uncle Rob, the defendant, “likes to put his hands down the front of my pants and tickle my private.” At a later point, E.C. also disclosed to her father that defendant would pull his pants down and make her touch “his private” with her hand. E.C. also told her father that Uncle Rob instructed her not to tell anybody because he would not love or play with her anymore.
After R.C. had the conversation with E.C., he called R.A.B., the mother of T.B., who also attended the daycare center, and advised her of what E.C. had stated.[2] In light of this information, R.A.B. called her niece to go and pick up T.B. from the daycare center.
R.C. also called E.C.’s pediatrician who recommended that E.C. be taken to Children’s Hospital for an examination. The next morning, R.C. took E.C. to Children’s Hospital to be examined and subsequently took her to the Child Advocacy Center for an interview that had been arranged by Detective Brian |4Sharp, the officer that had been assigned to investigate the allegations. During the interview, E.C. made an immediate disclosure of sexual contact by defendant. Consistent with what she had told her father, E.C. told the interviewer that Uncle Rob would touch “her private” with his hands. In addition, E.C. testified at trial that Uncle Rob “made me touch his private parts and he also touched mine.”
Detective Sharp also set up an interview at the Child Advocacy Center for a second potential victim, T.B., who likewise had made disclosures to her mother about Uncle Rob touching her. During her first interview, T.B. failed to make any disclosures of sexual abuse by defendant. However, after the interview, upon contact with her mother and in Detective Sharp’s presence, T.B. said that in the interview, “she didn’t say anything about Uncle Rob touching her.” Detective Sharp thereafter scheduled a second interview. In addition, T.B. underwent a medical examination which revealed that she had gonorrhea. At trial, T.B., who was nine years old at the time, testified that she could not remember what had happened to her.
Based on his investigation, Detective Sharp obtained a warrant and arrested defendant on charges relating to both of the child victims. It is noted that the charges against T.B. were refused, and the instant case involves only the charges against E.C.
At trial, defendant called several witnesses to testify on his behalf. Linda Barber, defendant’s sister, testified that she previously owned Cha Cha’s Daycare Center. She stated that while defendant did *66 not work for the daycare, he did have contact with the children. However, she claimed that the children, including E.C. and T.B., would only go back to his apartment with her. Ms. Barber further testified that E.C.’s last day at the daycare was March 31, 2009, and she had told R.C. to find other arrangements for E.C. In her testimony, Ms. Barber indicated | Kthat the allegations against her brother could have been created because R.C. owed her money, and also because she turned him down for a date. She further implied that the allegations could also have been fabricated to obtain money through the filing of a civil lawsuit. Ms. Barber stated that R.C., as well as T.B.’s parents, had information regarding insurance on her daycare because she previously told them she had a policy of “a million dollars on molestation.”
At trial, defendant testified in his own behalf and denied all accusations made by E.C. and T.B. He maintained that he never inappropriately touched E.C. or T.B. and that if children from the daycare ever came back to his apartment, Ms. Barber would always be with them. Defendant claimed that these two children made up the allegations and it must have been a conspiracy by their parents. He testified he has never had gonorrhea and did not recall receiving any antibiotics around April 2, 2009.

ASSIGNMENT OF ERROR NUMBER ONE

In his first assigned error, defendant challenges the sufficiency of the evidence used to convict him of sexual battery.
The constitutional standard for testing the sufficiency of the evidence requires that the evidence, direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Anderson, 10-779 (La.App. 5 Cir. 3/27/12), 91 So.3d 1080, 1085, appeal after remand, 12-869 (La.App. 5 Cir. 6/27/13), 121 So.3d 119, writ denied, 13-1861 (La.2/21/14), 133 So.3d 679.
In the instant case, defendant was convicted of sexual battery. LSA-R.S. 14:43.1 defines sexual battery, in pertinent part, as follows:
| fiSexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, when any of the following occur:
(1)The offender acts without the consent of the victim.
(2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the victim.
In the instant case, defendant contends that he “offered a reasonable hypothesis of innocence that the State did not carry the burden to negate.” Specifically, defendant contends that the State failed to negate the evidence that he offered through the course of the trial that R.C. could have sexually battered E.C., that R.C. had a motive to frame defendant, and further that defendant, due to health problems, was physically incapable of committing the alleged acts.
At trial, the jury was presented with conflicting testimony. E.C. testified that defendant “made me touch his private *67 parts and he also touched mine.” After watching the video of her interview, she testified that everything she said in the interview was true. In the interview, E.C. stated that defendant touched her with his hands on “her private” three times. In addition, E.C.’s father testified at trial that E.C. disclosed to him that Uncle Rob “likes to put his hands down the front of my pants and tickle my private,” and that Uncle Rob would make her “touch his private parts and he also touched [hers].”
Defendant also had the opportunity to offer his testimony to the jury. Defendant denied the accusations and claimed that he never touched E.C. or T.B. in a sexually inappropriate way. Further, he testified that because of health issues, he was physically incapable of committing the acts alleged. Moreover, there was |7testimony that T.B. had tested positive for gonorrhea, and defendant did not have gonorrhea.
In addition, defendant presented evidence that he had seen E.C. inappropriately touch R.C. and further that R.C. had motives for framing him. In particular, R.C. owed Ms. Barber money and Ms. Barber had turned R.C. down when he asked her out on a date. Also, there was testimony that R.C. knew about the daycare’s insurance policy and conspired with T.B.’s family in order to obtain money through the filing of a civil lawsuit. Defense counsel further elicited testimony about R.C.’s relationship with T.B.’s family, including his visits to their home while he was doing granite work.
Presented with conflicting testimony and numerous theories by the defense, the jury chose to believe E.C.’s testimony rather than that of defendant. The credibility of witnesses presenting testimony on factual matters is within the sound discretion of the trier of fact. The trier of fact shall evaluate the witnesses’ credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. It is not the function of the appellate court to second-guess the credibility as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. State v. Anderson, 09-934 (La.App. 5 Cir 3/23/10), 38 So.3d 953, writ denied, 10-908 (La.11/12/10), 49 So.3d 887. Moreover, it is well established that in the case of sexual offenses, the victim’s testimony alone can be sufficient to establish the elements of the offense, even if the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense. State v. Perkins, 11-162 (La.App. 5 Cir. 12/28/11), 83 So.3d 250, 255.
Viewing the evidence in the light most favorable to the prosecution, we find that the State presented sufficient evidence to support defendant’s conviction of |8sexual battery. Accordingly, the arguments raised by defendant in this assigned error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In this assigned error, defendant contends that his “right to present a defense was violated when the defendant was prevented from introducing evidence regarding the State’s refused charge regarding T.B.” In particular, defendant alleges that the trial court erred in allowing the State to introduce other crimes evidence relating to T.B. because this evidence unduly prejudiced the jury against defendant and confused the issues to be considered. He also claims that the trial court thereafter prevented him from introducing evidence about the refused charge, thereby violating his right to present a defense.
*68 On March 22, 2013, defendant filed a “Motion for Inclusion of Evidence at Trial,” seeking to introduce the “charges against defendant that the state refused.” Both in his motion and at the March 27, 2013 hearing on his motion, defendant asserted that the evidence regarding the allegations by T.B., who tested positive for gonorrhea, was relevant to show that defendant did not commit the instant offense. Defendant reasoned as follows: “It is entirely self evident that if defendant was arrested for having allegedly sexually assaulted two minors in the same day care center, and he is exonerated as to one of the minors because said minor tested positive for gonorrhea and defendant did not, nor has he ever had gonorrhea, then it stands to reason that he did not commit the offense as to the other minor child.” Defendant argued that the charges were “inextricably intertwined” since the alleged offenses occurred at the same daycare facility around the same time, and he further noted that the police treated it as one investigation and only issued one police report regarding the offenses against the two minor children.
|9In response to defendant’s argument at the hearing, the State asserted that the court should wait until trial to rule on the admissibility of this evidence and also reminded the court that the instant case was a “digital penetration,” and therefore, “the gonorrhea issue is not front and center as an exoneration.” The State pointed out that there was no basis for the court to allow defense counsel to put a young victim on the stand to talk about a case that was refused and further noted that the basis for refusal of the charges was not relevant. The trial court then stated:
Well, it’s my understanding that’s not the relief he’s seeking. The relief he’s only seeking to include evidence that is part of the investigation as it relates to the two including that fact that the child has gonorrhea ... I think it’s premature because that’s going to get to when we get to trial what the actual testimony is. I am somewhat inclined to allow information that two complaints were made, however, sometime you’ve got to be careful what you ask for because that may allow evidence that may not be favorable to Mr. Bienvenu that there’s not one child but two children making the allegations. I would not allow evidence that the charges were dropped as to the other child. So, you might get the relief, you might not like the relief you get, but insofar as specifically on the motion I’m going to defer that until trial.
On February 27, 2014, in an order, the trial court granted defendant’s “Motion for Inclusion of Evidence at Trial,” in which defendant specifically requested the inclusion of “evidence regarding the allegations as to the minor who tested positive for gonorrhea, the charges for which the state refused.”
Thereafter, on March 6, 2014, the State, deciding to use evidence of defendant’s sexual abuse of T.B., filed a “Notice of Intent to Use Evidence of Other Acts of Lustful Disposition and/or Sexually As-saultive Behavior by Defendant Upon Another Minor Victim” pursuant to LSA-C.E. art. 412.2. At a motion hearing on March 7, 2014, the court ruled that the evidence relating to T.B. could be introduced at trial, noting that defendant also wanted the introduction of | inevidence relating to the other victim. Even though defense counsel had filed a motion for inclusion of this evidence, he nonetheless objected to the admission of this evidence pursuant to LSA-C.E. art. 412.2. Defense counsel stated that he had no objection to the State responding to his case, but rather objected to the State’s presenting this *69 evidence in its case-in-chief prior to defendant putting on his case.
Thereafter, at trial, there was extensive evidence brought out by both the State and defense counsel about the allegations of sexual abuse by defendant against T.B. At some point during trial, while defense counsel was questioning T.B.’s father, he asked him about the status of T.B.’s charges against defendant. When defendant attempted to introduce evidence that the charges had been refused, the State objected, and the trial court sustained the objection. Defense counsel subsequently proffered testimony from T.B.’s father that the charges against defendant for T.B. were refused, and there were no pending charges. Based on the trial court’s refusal to allow this line of questioning, defendant moved for a mistrial asserting that by its ruling, the trial court had reversed its February 27, 2014 ruling which had allowed for the introduction of this evidence. In denying the motion for a mistrial, the trial judge, in reference to defendant’s argument that the court reversed its ruling on his “Motion for Inclusion of Evidence at Trial,” stated as follows:
And in this particular case I believe the motion was to introduce evidence as to the other child not whether charges were in fact brought, or what the status of those charges were. The Court allowed that as part of the Defendant’s defense, so that they could bring in evidence of the gonorrhea that the other child had obtained and use that as part of its defense. So, the Court’s going to deny the motion.
Defendant now challenges these eviden-tiary rulings by the trial court. He maintains that the evidence concerning T.B. admitted by the State during its ease-in-chief unduly prejudiced the jury against him and confused the issues to be | ri considered. He further maintains that his right to present a defense was violated when the trial court reversed its earlier ruling and prohibited him from introducing evidence regarding the status of the refused charges.
With regard to defendant’s argument that the trial court erred in allowing the State to introduce other crimes evidence relating to T.B., we find that defendant is procedurally barred from raising this claim on appeal. In order to preserve the right to seek appellate review of an alleged trial court error, the party claiming the error must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. LSA-C.Cr.P. art. 841(A); State v. Berroa-Reyes, 12-581 (La.App. 5 Cir. 1/30/13), 109 So.3d 487, 498.
We note that defendant initially lodged an objection to the State’s notice of intent to use this evidence pursuant to LSA-C.E. art. 412.2, and this objection appeared to be limited to the State’s use of this evidence in its case-in-chief. However, defendant did not object during trial when information regarding T.B. was admitted. In fact, defense counsel questioned witnesses with regard to the facts and circumstances of T.B.’s allegations. Thus, defendant not only failed to object to this line of questioning, but actually consented to it as is shown by his pre-trial request to include this evidence as well as his consistent questioning of the witnesses with regard to the allegations against defendant by T.B.
We now turn to defendant’s argument that the trial court erred in prohibiting him from introducing evidence about the status of the refused charges. In his appellate brief, defendant specifically states that in trial, “the defense was denied from introducing testimony and questioning T.B. concerning the allegations.” This argument has no merit, as the record reflects that the trial court allowed defen *70 dant the opportunity to introduce evidence surrounding the allegations concerning T.B., as well as the fact that T.B. had gonorrhea and defendant did not. It appears that 112the only information that the trial court did not allow was the fact that the charges relating to T.B. had been refused. We note that at the March 27, 2013 motion hearing, the trial judge explicitly stated, “I would not allow evidence that the charges were dropped as to the other child.” Moreover, in arguing his motion, defendant focused on the fact that he wanted to introduce evidence that T.B. had gonorrhea and defendant did not, and therefore, defendant did not commit the offense against E.C. As noted previously, defendant was given the opportunity to present evidence regarding this theory. Accordingly, we cannot say that defendant was prejudiced by the trial court’s refusal to allow the introduction of evidence that the charges were refused. Moreover, the State’s decision to refuse the charges against T.B. is not relevant to the issues raised in the instant case. See State v. Davis, 13-495 (La.App. 5 Cir. 12/19/13), 131 So.3d 1002, 1009, writ denied, 14-226, 147 So.3d 703 (La.9/12/14).
In this assignment, defendant also complains about the admission of his medical records. In his appellate brief, he contends that “the introduction of that medical testimony on the defendant’s medical records was improper, in light of La.C.E. 803, as the medical report had not been introduced into evidence properly.” Defendant asserts that neither his treating physician nor a custodian was called at trial to authenticate the records or the contents.
As noted by the State in its appellate brief, this issue has been abandoned because the issue was not briefed, and the claim was not contained in the assignment of errors. Uniform Rules-Courts of Appeal, Rule 2-12.4; LSA-C.Cr.P. art. 920; State v. Wilson, 13-996 (La.App. 5 Cir. 5/21/14), 142 So.3d 275, 279-80. Moreover, even if this issue had been properly briefed, it has no merit. Defendant’s medical records were properly admitted under LSA-R.S. 13:3714 as defendant himself could have called his doctor to testify, yet he failed to do so.
|isln light of the foregoing, we find no merit to any of the arguments raised by defendant in this assigned error.

ASSIGNMENT OF ERROR NUMBER THREE

In his third assigned error, defendant contends that his sentence of fifty years is constitutionally excessive. Because we find an error patent that requires the sentence be vacated, the argument on excessive sentence is rendered moot.

ERROR PATENT REVIEW

We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that the trial court failed to observe the twenty-four hour delay between the denial of defendant’s motion for new trial and sentencing as required by LSA-C.Cr.P. art. 873. There is no indication in the record before us that defendant waived this delay.
When the defendant challenges the penalty imposed and the imposed sentence is not mandatory, the failure to observe the twenty-four hour delay mandated by law cannot be considered harmless error. State v. Anderson, 91 So.3d at 1091. In this case, defendant’s sentence was not mandatory, and he is challenging his sentence on appeal. Given these circumstances, we vacate defendant’s sentence and remand the matter for resentencing.
*71 For the reasons set forth herein, we affirm defendant’s conviction, vacate his sentence, and remand the matter for re-sentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; MATTER REMANDED

. In accordance with LSA-R.S. 46:1844(W)(3), the victim, who is a minor, and her family will be referred to by their initials to protect the victim’s identity.

. The initials of T.B., who is a minor, will also be used, along with the initials of her family members, in order to protect her identity.