992 So.2d 565 (2008)
STATE of Louisiana
v.
Buddy Marvin HICKS.
No. 2008 KA 0511.
Court of Appeal of Louisiana, First Circuit.
June 26, 2008.
*566 Hon. Walter P. Reed, District Attorney Franklinton, LA and Kathryn Landry Baton, Rouge, LA, for State-Appellee.
Jane L. Beebe, New Orleans, LA, for Defendant-Appellant, Buddy Marvin Hicks.
Buddy Marvin Hicks, Angola, LA, In Proper Person Defendant-Appellant.
Before PARRO, McCLENDON, and WELCH, JJ.
PER CURIAM.
Buddy Marvin Hicks appealed his convictions of three counts of aggravated rape. He is represented by counsel on appeal, and counsel filed a timely brief. Thereafter, defendant filed a request for use of the record to file a supplemental pro se brief. The record was furnished to him at the Louisiana State Penitentiary at Angola (Angola) in accordance with this court's policy allowing the defendant access to the appellate record in certain instances, and he was allowed an additional thirty days to file a pro se brief. Defendant now has filed a `motion to require Angola to copy the appellate record so that an inmate counsel substitute can assist him in filing a pro se brief, and he requests an additional extension of time to file the supplemental brief. He claims the refusal to furnish him with a copy of the record and the assistance of an inmate counsel substitute is in violation of the protection of the Louisiana Constitution, art. I, § 19, providing that, "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record... upon which the judgment is based."
Defendant's motion is at odds with La. R.S. 46:1844(W), which provides for the confidentiality of certain information when the victim is a minor or an adult victim of certain defined sex offenses. Moreover, his motion assumes that the assistance of an inmate counsel substitute is a right, not a privilege, and that the judicial system is required to accord the same status to filings by an inmate counsel substitute as it does to licensed attorneys.
First, we note it has been long established that there is no federal constitutional right to the appeal of a criminal conviction at all. See McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). However, if a state created appellate courts as "an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant," Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956), the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the United States Constitution. Thus, a state does not have to provide for appellate review of a criminal conviction, but if the *567 state does provide the right of appeal, the state is further obligated to provide an attorney to assist with the appeal. Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963).
The Louisiana Constitution provides for the right of appellate review where the defendant was entitled to a trial by jury. See La. Const. art. I, § 19; La. Const. art. V, § 10; see also La. Const. art. I, § 13. Thus, defendant has a right to an appeal under the State constitution, and therefore has the right to the assistance of counsel with the appeal.
However, the right to counsel does not include the right to the assistance of an inmate counsel substitute. The inmate counsel substitute is a creation of the Louisiana Department of Public Safety and Corrections to "aid and assist" other inmates in filing briefs and other applications in the court systems as one way to effectuate the prisoners' access to the courts mandated by Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977);. see, e.g. DOSC Reg. B-05-004. While inmate counsel substitutes may provide a valuable service to the inmates and to the administration of the prisons at which they operate, their role in the legal system is in no way comparable to the role performed by counsel. Accordingly, an inmate counsel substitute is not accorded the same rights and privileges as attorneys licensed to practice.
In Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the United States Supreme Court required for the first time that an inmate complaining that his access to the courts has been abridged must demonstrate an actual injury caused by the claimed denial.
Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," id., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2180.
Herein, defendant's "meaningful access" to the courts is protected by his right to appeal the conviction and the right to an attorney to assist in that appeal. Moreover, the defendant himself was allowed use of the record to prepare his own pro se brief. If his conviction and sentence are affirmed on appeal, the defendant will have access to the courts to raise constitutional claims through the legislatively provided procedures for post conviction relief. See La.Code Crim. P. art. 924 et seq. Defendant herein has a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights" through these procedures. Bounds v. Smith, 430 U.S. at 825, 97 S.Ct. at 1496. He does not demonstrate that Angola's refusal to provide him with a copy of the record or to allow an inmate counsel substitute to review a confidential record hindered his efforts to pursue an actual legal claim. Moreover, we specifically reject the notion that an inmate, represented by counsel who filed a brief in the appeal, is denied access to the courts unless he is provided representation by an inmate counsel substitute, whose training is in no *568 way comparable to the training received by the defendant's attorney.
MOTION AND ORDER TO PERMIT COPYING OF TRANSCRIPT & RESET PRO SE BRIEFING DEADLINE TO SUPPLEMENT APPEAL DENIED.