JOHNSON, J,
|, Defendant, Simon Shokr, appeals his convictions for. aggravated rape, sexual battery and indecent behavior with a juvenile on the basis, there was insufficient evidence. For the reasons that follow, we affirm.
Defendant was indicted by a grand jury on February 28, 2013 and charged with one count of aggravated rape of a minor under the age of 13, in violation of La. R.S. 14:42[1] (count one); one count of sexual battery upon a minor under the age of 13, in violation of La. R.S. 14:43.1 (count two); and one count of indecent behavior with a juvenile, in violation of La. R.S. 14:81 (count three). The first two counts were alleged to have occurred between March 2008 and March 2012, when the victim was between the ages of nine and twelve. The third count was alleged to have occurred between March 2008 and October 2012, when the victim was between the ages of nine and thirteen. Defendant pled not guilty and proceeded to trial on March 2, 2016. A 12-person jury found Defendant guilty as charged on all three counts.
The trial court subsequently sentenced Defendant to life imprisonment on count one, 50 years on count two, and seven years on count three, all to be served consecutively. All three sentences were ordered to be served at hard labor, and the sentences on counts one and two were imposed without the benefit of parole, probation or suspension of sentence. The trial court further imposed a $1,000 fine on each count.

FACTS

S.K.[2] was two years old when her parents divorced in 2001. In the same year, her mother, H.K., started dating Defendant and the two moved in together. In |22005, H.K. and Defendant had a son. In October 2012, H.K. and Defendant split up, but remained friends for the sake of their son. About one week after H.K. and Defendant split up, S.K., who was in eighth grade at the time, confided in her mother that Defendant was doing inappropriate things to her, but she did not elaborate as to what exactly had happened. H.K. testified that she took no action because she was in denial. A few days later, the Department of Child and Family Services and then the Jefferson Parish Sheriffs Office contacted H.K. regarding S.K.’s sex abuse allegations.
S.K. testified at trial that Defendant, who was a father figure to her when she was young, started abusing her sometime between second and fourth grade. She testified that Defendant touched her and did inappropriate things to her in her bedroom on many occasions. She explained that Defendant routinely came into her room, multiple times a week, when her mother was *1215 sleeping and would touch her breasts with his hands or touch her vagina. S.K stated that Defendant would make her put her mouth on his penis and he would sometimes put. his mouth on her breasts and vagina. She indicated that Defendant would kiss her and put his tongue in her mouth. She further testified that “one time he stuck his penis in [her] butt, the tip of it, and it hurt.” S.K. stated that Defendant threatened to kill her with a knife from their kitchen if she told anyone.
S.K. testified that she first disclosed the abuse to two of her friends when she was in seventh grade, but did not tell any adults because she knew “something bad would happen if [she] told.” When she was in eighth grade, she confided in her boyfriend, who encouraged her to tell her mother about the abuse. Thereafter, S.K. told her mother that Defendant was doing inappropriate things to her. She then told two of her friends at school about the abuse.
At some point, S.K. was called into the school counselor’s office and questioned about the abuse. S.K. then spoke to the Department of Family Services, | ¡which contacted the Jefferson Parish Sheriffs Office (JPSO). S.K. was subsequently interviewed at the Child Advocacy Center (CAC) and examined by Anne Troy, a nurse practitioner, at Children’s Hospital. S.K’s trial testimony was consistent with the information she relayed about the sexual abuse during the CAC interview and the history she gave to Ms. Troy during her examination.
After speaking with S.K. after her CAC interview, the JPSO issued an arrest warrant for Defendant, and he was arrested on November 8, 2012. Defendant testified at trial and denied molesting S.K. He explained that when he returned from a business trip to Australia, his relationship with H.K. was not very good and he was concerned with H.K.’s relationship with her former husband, S.K’s father. Defendant testified that he thought S.K. was lying about the abuse so she could get him out of her life and get her father back.

ISSUES

Defendant presents two issues on appeal. First, through counsel and in his pro se brief, Defendant argues the evidence is insufficient to convict him of all three offenses. He contends the only evidence against him was the unsupported allegations of S.K. Second, in his pro se brief, Defendant challenges the qualification of Anne Troy, a nurse practitioner, as an expert in the field pf child sexual abuse.

DISCUSSION

Sufficiency of the Evidence
Defendant maintains the evidence is insufficient to support his convictions for aggravated rape, sexual battery and indecent behavior with a juvenile. He asserts S.K’s testimony was not supported by any other witnesses and there was no' physical evidence against him. Defendant alleges S.K. made false accusations of sexual abuse to remove him from' the home so she could reunite her parents.
14When the issue of sufficiency of evidence is raised on appeal, the reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, but rather the reviewing court is required to consider the whole record and *1216 determine whether any rational- trier of fact could have found guilt beyond a reasonable doubt. State v. Gonzalez, 15-26 (La.App. 5 Cir. 8/25/15); 173 So.3d 1227, 1282, writ denied, 15-1771 (La. 9/23/16); 2016 La. LEXIS 1955.
Defendant was convicted of aggravated rape, sexual battery and indecent behavior with a juvenile. At the time of the offense, aggravated rape was defined, in pertinent part, as “a rape committed. . .where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed... .[w]hen the victim is under the age of thirteen years.” La. R.S. 14:42(A)(4). When the rape involves vaginal or anal intercourse, any penetration, however slight, is sufficient to complete the crime. La. R.S. 14:41(B). Oral sexual intercourse is defined as:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
La. R.S. 14:41(C).
At the time of the offense, sexual battery was defined, in pertinent part, as the intentional touching of the anus or genitals of the victim by the offender or of the offender by the victim using any instrumentality or any part of the body of the offender or the victim without the victim’s consent or |Bwhen the victim is not the spouse of the offender, is under the age of 15, and is at least three years younger than the offender. La. R.S. 14:43.1(A). In this case, Defendant was specifically charged with sexual battery of a minor under the age of 13.[3]
Indecent behavior with a juvenile is defined, in pertinent part, as the commission of any “lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons” “with the intention of arousing or gratifying the sexual desmes of either person.” La. R.S. 14:81(A)(1). A lewd or lascivious act has been defined as “one which tends to excite lust and to deprave the moral with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner.” State v. Lande, 06-24 (La.App. 5 Cir. 6/28/06); 934 So.2d 280, 291, writ denied, 06-1894 (La. 4/20/07); 954 So.2d 154. Additionally, the statute’s definition of a lewd and lascivious act “encompasses not only the physical touching of the victim in an indecent manner, but also ‘indecent sexual displays in the presence of children under the age of seventeen.’ ” State v. Interiano, 03-1760 (La. 2/13/04); 868 So.2d 9, 15.
Indecent behavior with a juvenile is a specific intent crime for which the State must prove the offender’s intent to arouse or gratify his sexual desires by his actions involving a child. State v. Borden, 07-396 (La.App. 5 Cir. 5/27/08); 986 So.2d 158, 166. Specific intent to commit indecent behavior with a juvenile need not be proven as fact, but may be inferred from the circumstances and actions of the defendant. State v. Domangue, 12-760 (La.App. 5 Cir. 5/23/13); 119 So.3d 690, 696.
S.K. testified at trial that she was born in March 1999, making her 16 years old at the time of trial, between the ages of nine and twelve at the time of counts | fione and two, and between the ages of nine and thirteen at the time of count three. During *1217 her CAC interview, which was played for the jury, S.K. stated that Defendant started sexually abusing her in the fourth grade and that the last time anything happened was when she was 13 years old in eighth grade. She testified that the abuse occurred regularly, multiple times a week, with different things occurring each time.
S.K. explained that Defendant would come into her room at night while her mother was sleeping. Sometimes Defendant would just look at S.K. and other times he would touch her. S.K. described incidents where Defendant touched her breasts and vagina, both over and under her clothes, with his hands. On other occasions, Defendant would make S.K. put her mouth on his penis and he would put his mouth on her bare breasts and vagina. S.K. further testified that Defendant put the tip of his penis in her butt. During the CAC interview, S.K. explained that Defendant did this more than one time. S.K. testified that sometimes when these incidents occurred, something would come out of Defendant’s penis that he put into a napkin.
During the CAC interview, S.K. also stated that Defendant sometimes took his penis out of his pants and rubbed it with his hand. He would then take S.K’s hand and put it on his penis and make her do the same thing. Defendant also kissed S.K. on the mouth and put his tongue in her mouth, during which time he would touch her on her breasts and vagina. S.K. explained that she would push Defendant away and tell him to stop.
Defendant argues that S.K. is not believable because there is no corroborating evidence, either physical or supporting witnesses.
The credibility of a witness, including the victim, is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Gonzalez, 173 So.3d at 1233. In the absence of | .¡-internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. State v. Hernandez, 14-863 (La. App. 5 Cir. 9/23/15); 177 So.3d 342, 351. In sex offense cases, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even when the State does not introduce medical, scientific or physical evidence to prove the commission of the offense. Id.
It is the role of the factfinder to weigh the respective credibility of the witnesses; thus, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State v. Alfaro, 13-39 (La.App. 5 Cir. 10/30/13); 128 So.3d 515, 525.
Defendant does not argue there are any internal contradictions in S.K’s testimony, but rather argues that she should not be believed without any supporting evidence. Convictions of aggravated rape and other sexual abuse offenses have been upheld in the absence of medical evidence or other corroborating evidence. State v. Hernandez, 177 So.3d at 352. In Hernandez, this Court upheld the defendant’s conviction for aggravated rape where there was no physical evidence of the offense, noting that the victim’s testimony was enough to sustain the defendant’s conviction. Additionally, in State v. Roca, 03-1076 (La.App. 5 Cir. 1/13/04); 866 So.2d 867, writ denied, 04-583 (La. 7/2/04); 877 So.2d 143, this Court affirmed the defendant’s convictions for aggravated rape and molestation of a juvenile despite the lack of medical evidence when the victim testified at trial that the defendant forced her to engage in various sexual acts, including fondling of genitals, sexual intercourse and oral copulation. Further, in State v. Gonzales, swpra, *1218 this Court found the victim’s testimony was enough to establish the ^essential elements of aggravated rape and sexual battery so as to find sufficient evidence to support the defendant’s convictions.
In the present case, S.K’s testimony establishes each element of the three offenses for which Defendant was convicted. She testified as to acts committed by Defendant that constitute anal and oral sexual intercourse. She also testified about Defendant touching her breasts and vagina with his hands and making her touch his penis with her hand, all of which constitute sexual battery. See State v. Perkins, 11-162 (La.App, 5 Cir. 12/28/11); 83 So.3d 250, 257, where this Court found that the victim’s testimony that the defendant had touched and rubbed her vagina with his hand was sufficient to sustain a conviction for sexual battery. S.K. further testified that on other occasions Defendant rubbed his exposed penis in her presence, and that he kissed her and put his tongue in her mouth while touching her breasts and vagina—behavior which constitutes indecent behavior with a juvenile. See Perkins, supra, evidence that the defendant held the victim down and kissed her on her neck was sufficient to sustain a conviction for indecent behavior with a juvenile; State v. Lyles, 03-141 (La.App. 5 Cir. 9/16/03); 858 So.2d 35, the defendant’s action of taking the victim’s hand and placing it on his private then kissing the victim and putting his tongue in her mouth was sufficient to support the defendant’s conviction for indecent behavior with a juvenile; and State v. Bahm, 490 So.2d 384, 387 (La. App. 5th Cir. 1986), evidence that the defendant exposed his penis to the victim and rubbed her genitals supported a conviction for indecent behavior with a juvenile.
In addition to S.K.’s testimony, Ms. Troy, who qualified as an expert in child maltreatment and pediatrics with a sub-specialty in physical and sexual abuse of children, testified that she examined S.K. in December 2012. During the examination, Ms. Troy noticed superficial cuts to S.K.’s wrists at which time S.K. 19admitted to cutting herself. Ms. Troy testified that cutting is a behavior associated with sexual abuse.
Although Defendant testified that he never sexually molested S.K. and suggested that S.K. was lying so she could “get back with her father,” the jury clearly chose to believe the testimony of S.K. and that of the other State witnesses, including the expert testimony of Ms. Troy. It is not this Court’s function to second-guess the credibility determinations of the trier-of-fact. Alfaro, 128 So.3d at 525.
Viewing the evidence in a light most favorable to the State, we find that a rational trier of fact could have found Defendant guilty beyond a reasonable doubt of aggravated rape, sexual battery and indecent behavior with a juvenile. Thus, we find there was sufficient evidence to support all three of Defendant’s convictions.
Qualification of Anne Troy as Expert
In his pro se brief, Defendant argues the trial court erred in qualifying Anne Troy as an expert witness in the field of child sexual abuse. He contends the State failed to provide the defense with a copy of her curriculum vitae prior to her testimony in contravention of discovery rules, resulting in a “trial by ambush.” He asserts he was prejudiced by Ms. Troy’s testimony because it was used to unduly bolster S.K.’s testimony.
We find Defendant has failed to preserve this issue for appeal because he failed to object to Ms. Troy’s qualification as an expert or to her testimony. In order to preserve the right to appeal an alleged trial court error, a party must state a contemporaneous objection with the occurrence of the alleged error as well as the *1219 grounds for the objection. State v. Gonzalez, 173 So.3d at 1235. The purpose behind the contemporaneous objection rule is to put the trial court on notice of an alleged irregularity so that it may cure the problem. It is also intended to prevent a [ mdefendant from gambling for a favorable verdict and then resorting to appeal on errors that might have easily been corrected by an objection. Id.
The record shows that Defendant never objected to the testimony of Ms. Troy. Further, he never challenged her qualifications or the reliability or admissibility of her testimony as it related to child sexual abuse. In fact, prior to the court accepting Ms. Troy as an expert, defense counsel specifically stated that Ms. Troy’s “qualifications certainly qualify her to testify in this case.” The failure of a defendant to raise an objection to the admissibility and reliability of an expert’s testimony constitutes a waiver of such an objection and precludes consideration of the issue on appeal. Gonzalez, 173 So.3d at 1236. Accordingly, we find Defendant waived any objection to Ms. Troy’s testimony.

ERRORS PATENT

Our review of the record for errors patent in accordance with La. C.Cr.P. art. 920 reveals two errors that require corrective action. First, we find the trial court imposed illegal sentences on counts one, aggravated rape, and two, sexual battery. In sentencing Defendant, the trial court imposed a $1,000 fine on each of the three counts.[4] However, a fine is only authorized for count three, indecent behavior with a juvenile. La. R.S. 14:81(H)(1).[5] The appellate court may correct an illegal sentence at any time. La. C.Cr.P. art. 882. Accordingly, we amend Defendant’s sentences on counts one and two to delete the imposed fine and order the 24th Judicial District Clerk of Court to transmit notice of the amendment to the officer in charge of the institution to which Defendant has been sentenced and to the Department of Corrections’ legal department.
|! ¶ Second, there is a discrepancy between the sentencing transcript and the State of Louisiana Uniform Commitment Order (UCO). As noted supra, the transcript prevails, see State v. Lynch supra. The UCO reflects the date of the offenses as March 24, 2008. However, the record shows the correct dates of the offenses were between March 24, 2008 and March 23, 2012 for counts one and two, and between March 24, 2008 and October 24, 2012 for count three. Additionally, the UCO indicates the sentence is to be served without parole, probation or suspension of sentence. But, the sentencing transcript shows that only the sentences on counts one and two are to be served without these benefits. Therefore, we remand this matter for the correction of the UCO regarding the date of the offenses and the restriction *1220 of benefits. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12); 106 So.3d 1136, 1142. Additionally, the 24th Judicial District Clerk of Court is ordered to transmit the corrected UCO to the officer in charge of the institution to which Defendant has been sentenced, as well as the Department of Corrections’ legal department. See State ex rel. Roland v. State, 06-244 (La. 9/15/06); 937 So.2d 846.

DECREE

For these reasons, Defendant’s convictions for aggravated rape, sexual battery and indecent behavior with a juvenile are affirmed. Defendant’s sentences on counts one and two are amended to delete the imposed fine and are affirmed as amended. Defendant’s sentence on count three is affirmed. Further, we remand this matter for the correction of the State of Louisiana Uniform Commitment Order.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND TWO AMENDED AND AFFIRMED AS AMENDED; SENTENCE ON COUNT. THREE AFFIRMED; COMMITMENT REMANDED FOR CORRECTION.

. La. R.S. 14:42 was subsequently amended in 2015 by Act No. 184, to rename the offense from aggravated rape to first degree rape.

. The victim and any witness whose name can lead to the victim’s identity, La., parent, sibling, or relative with the same last name as the victim, are identified by initials under the authority of La. R.S. 46:1844(W)(l)(a), which protects the identity of minor victims of sex offenses.

. This specific age element is strictly for the harsher sentencing provision under La. R.S. 14:43.1(0(2).

. We note that while the commitment reflects that the trial court imposed a $1,000 fine only on count one, the sentencing transcript indicates the trial court imposed a $1,000 fine on each of the three counts, Where there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).

. We recognize that La. R.S. 14:81(H)(2), the penalty provision for indecent behavior with a juvenile under the age of 13, does not authorize a fine. However, unlike the aggravated rape and sexual battery charges, the indictment did not specifically charge Defendant with indecent behavior with a juvenile under the age of 13. In fact, this offense was alleged to have occurred when the victim was between the ages of nine and thirteen. Additionally, the jury’s written verdict found Defendant guilty of indecent behavior with a juvenile, which is not dependent on the victim being under the age of 13. Thus, we find the applicable sentencing provision is the more general one under La. R.S. 14:81(H)(1), which provides for a fine of not more than $5,000.